**FILED**
JUN 17 2020
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **4:20CR00284 RWS/NAB** |
| v. ) | |
| ) | |
| NICHOLAS MATTHEW RAY, ) | |
| ) | |
| Defendant. ) | |

## INDICTMENT

### COUNT I

The Grand Jury charges that:

At all times pertinent to the charges in this indictment:

1. Federal law defined the term

    (a) "minor" to mean any person under the age of eighteen years (18 U.S.C. § 2256(1));

    (b) "sexually explicit conduct" to mean actual or simulated--

    (i) sexual intercourse, including genital-genital, anal-genital, oral-genital, oral-anal, whether between persons of the same or opposite sex,

    (ii) bestiality,

    (iii) masturbation,

    (iv) sadistic or masochistic abuse, or

    (v) lascivious exhibition of the anus, genitals, or pubic area of any person (18 U.S.C. §2256(2)(A));

    (c) "computer" to mean an electronic, magnetic, optical, electrochemical or other high speed data processing device performing logical, arithmetic or storage functions, including

any data storage facility or communications facility directly related to or operating in conjunction with such device. (18 U.S.C. § 2256(6));

  (d) "child pornography" to mean any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where--

    (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; or

    (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct. (18 U.S.C. §2256(8)).

2. The "Internet" was, and is, a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files.

3. On or about May 2, 2014, the defendant **NICHOLAS MATTHEW RAY** was convicted of possession of child pornography in violation of Missouri Revised Statute, Section 573.037, in St. Charles County Circuit Court.

4. On or about June 10, 2020, in the Eastern District of Missouri, and elsewhere,

**NICHOLAS MATTHEW RAY,**

the defendant herein, did use any facility and means of interstate commerce, and did knowingly attempt to persuade, induce, entice and coerce Sgt. Adam Kavanaugh of the St. Louis County Police Department, who defendant believed to be a minor, to engage in sexual activity for which any person can be charged with a criminal offense, to wit: the defendant, who was at least twenty-one years of age, believing Sgt. Kavanaugh to be "Kyle/Tyler," a minor male aged fourteen years, attempted to persuade, induce, entice, and coerce Sgt. Kavanaugh to have sexual

2

intercourse with him, in violation of Missouri Revised Statute, Section 566.034, and committed a substantial step thereof.

In violation of Title 18, United States Code, Sections 2422(b) and 2426.

## COUNT II

The Grand Jury further charges that:

5. The allegations contained in paragraphs one through three of Count I of this Indictment are incorporated by reference as if fully set forth herein.

6. On or about March 26, 2020, within the Eastern District of Missouri and elsewhere,

**NICHOLAS MATTHEW RAY**,

the defendant herein, knowingly distributed images of child pornography using any means or facility of interstate and foreign commerce, that is, the defendant distributed graphic image and video files via the Internet using Kik and Mega which contained child pornography, including, but not limited to, the following:

   a. "Baby Boy Fucked By 17yo Brother (original).mpg" – a graphic video file that depicts, in part, a male inserting his penis into the rectum of an infant and raping the infant;

   b. "IMG_2923.mov" – a graphic video file that depicts, in part, a prepubescent minor male performing oral sex on a male and then being penetrated anally by the same male;

   c. "2018-09-20 02.55.10.mp4" – a graphic video file that depicts, in part, a nude prepubescent minor female with her vagina being penetrated digitally by another person's finger;

   d.  "2018-10-19 03.31.48.mp4" – a graphic video file that depicts, in part, a prepubescent minor female with her vagina being penetrated by a male penis;

   e.  "3_A_N Os.wmv" – a graphic video file that depicts, in part, a toddler aged female with her vagina and mouth being penetrated by a male penis.

In violation of Title 18, United States Code, Sections 2252A(a)(2)(B) and (b)(1).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

  1.  Pursuant to Title 18, United States Code, Section 2428, upon conviction of an offense in violation of Title 18, United States Code, Section 2422, as set forth in Count I of the Indictment, the defendant shall forfeit to the United States of America: the defendant's interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violation; and any property, real or personal, constituting or derived from any proceeds that the defendant obtained, directly or indirectly, as a result of such violation.

  2.  Pursuant to Title 18, United States Code, Section 2253, upon conviction of an offense in violation of Title 18, United States Code, Section 2252A(a)(2)(B), as set forth in Count II of the Indictment, the defendant shall forfeit to the United States of America: any visual depiction as described in Sections 2251, 2251A, 2252, 2252A or 2260 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

                                  A TRUE BILL.

                                  FOREPERSON

JEFFREY B. JENSEN  
United States Attorney

KYLE T. BATEMAN, #996646DC  
Assistant United States Attorney