IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 4:20-CR-00284-RWS-NAB ) |
| NICHOLAS MATTHEW RAY, | ) ) |
| Defendant. | ) ) |

**SUPPLEMENTAL FILING REGARDING
GOVERNMENT'S MOTION FOR DETENTION**

COMES NOW, the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Kyle T. Bateman, Assistant United States Attorney for said District, to respectfully submit this supplemental filing regarding the Government's Motion for Detention (Docs. 4 and 16).

Pursuant to 18 U.S.C. § 3142(e)(3)(E) and the charged offenses, subject to rebuttal by the defendant, this Court should presume that no condition or combination of conditions will reasonably assure defendant's appearance as required and the safety of the community. The burden is upon the defendant to produce some evidence that there are conditions of release which will reasonably assure that he will not pose a danger to the community and will not flee. *See United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) ("Detaining adults who prey on children for the adult's sexual gratification … is also a legitimate government objective. One of the fundamental duties of government is public safety, including protecting children from sexual predators."). In determining whether pretrial detention is appropriate, this Court should consider the available information regarding: "(1) the nature of the circumstances charged, (2) the weight

1

of the evidence against the person, (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person of the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

The Government's evidence shows that, between at least March 23, 2020, and June 10, 2020, the defendant used various social media applications to engage in sexually explicit conversations with (i) someone whom the defendant believed to be a 14-year-old boy ("Kyle/Tyler") and (ii) someone whom the defendant believed to be a 20-year-old man (the "UC").[1]  In reality, both Kyle/Tyler and the UC were an undercover police officer.  During his conversations with the UC, the defendant stated that he engaged in sexual activity with a 12- year-old boy within the last few years.  The defendant also told the UC that he views child pornography but deletes it and frequently buys new computers to avoid detection, in part due to his prior criminal conviction for possession of child pornography.  The defendant sent the UC a link containing thousands of images and videos of child pornography, including those that portray sadistic or masochist conduct.  The defendant communicated with Kyle/Tyler and the UC for months regarding setting up a meeting to have sex.  The defendant's text messages to Kyle/Tyler are specific and graphic regarding the sex acts that the defendant wants to perform with the minor.  On June 9, 2020, the defendant made plans to meet up with Kyle/Tyler and the UC to have sex at a hotel in Brentwood on the following day.  On June 10, 2020, the defendant arrived at the designated hotel room and was arrested.  The nature and circumstances of the defendant's conduct weigh strongly in favor of pretrial detention.

This Court should also consider the defendant's history and characteristics.  In that regard, the defendant has a prior conviction for possession of child pornography in violation of Missouri

---

[1] *See* Affidavit of FBI Special Agent David Rapp for more detail information regarding the defendant's alleged conduct.  Doc. 2.

Revised Statute, Section 573.037, in St. Charles County Circuit Court.  The defendant served approximately three years imprisonment and was released on parole on August 2, 2018.  The defendant was on parole when he committed the instant offenses.  In addition, it is the Government's understanding that the defendant underwent mandatory sex therapy beginning in October 2018 and that he was successfully discharged on May 7, 2020.[2]  It is further the Government's understanding that, since the date of the detention hearing, the Missouri Board of Probation and Parole has recommended revocation of the defendant's period of parole based on violations of his sex offender provision agreement and other violations, and also issued a warrant/detainer.  Because the defendant has shown his is unable to comply with any conditions placed on his release, this factor also weighs heavily in favor of detention.

    Furthermore because the defendant is alleged to have committed very serious offenses, including an attempt to have sexual relations with a 14-year-old boy, this Court should also consider the seriousness of the danger the defendant poses to the community that would be presented by the defendant's pretrial release.  If released, the Court has no assurances the defendant will be able to refrain from using social media applications or attempts to engage in sexually explicit conversations with minors.  Moreover, the defendant faces substantial mandatory minimum sentences – to wit: 15 years imprisonment for the distribution charge and 10 years for the enticement charge.  These substantial penalties increase defendant's incentive to flee.  *United States v. Bradley*, 4:09CR0644 CAS, 2009 WL 3763151, at *3 (E.D. Mo. Nov. 9, 2009) ("the government has strong evidence in support of its charges, which carry a substantial mandatory minimum sentence, which could increase Defendant's incentive to flee.").

---

[2] To be clear, the defendant's sexually explicit conversations with Kyle/Tyler, whom defendant believed to be a 14-year-old boy, occurred while he was undergoing sex therapy treatment, and continued after he was discharged.

The defendant has offered little to no information to rebut the presumption that he is a danger to the community or a flight risk. At the detention hearing, the defendant argued that he had previously complied with his parole conditions. Of course, such argument completely ignores the reality that the defendant's conduct between at least March 23, 2020, and June 10, 2020, amounts to numerous parole violations.

WHEREFORE, the Government respectfully requests this Court order defendant detained pending trial.

>Respectfully submitted,
>
>JEFFREY B. JENSEN
>UNITED STATES ATTORNEY
>
>*/s/ Kyle T. Bateman*
>KYLE T. BATEMAN, #996646(DC)
>Assistant United States Attorney
>111 South 10th Street, Room 20.333
>St. Louis, Missouri 63102
>(314) 539-2200

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of June, 2020, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Courts electronic filing system upon the following:

Nanci McCarthy
FEDERAL PUBLIC DEFENDER - St Louis
1010 Market Street
Suite 200
St. Louis, MO 63101
314-241-1255
Fax: 314-421-3077
Email: nanci_mccarthy@fd.org

>*/s/ Kyle T. Bateman*
>KYLE T. BATEMAN, #996646(DC)
>Assistant United States Attorney

4