UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CR-284 RWS |
| | ) | |
| NICHOLAS MATTHEW RAY, | ) | |
| | ) | |
| Defendant. | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

**1.    PARTIES:**

The parties are the defendant NICHOLAS MATTHEW RAY, represented by defense counsel Nanci McCarthy, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri.  This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri.  The Court is neither a party to nor bound by this agreement.

**2.    GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Counts I and II of the charge, the government agrees that no further federal prosecution will be brought in this District relative to the defendant's Attempt to Persuade or Coerce a Minor to Engage in Sexual Activity and Distribution and Possession of Child Pornography between approximately March 2020 and June 2020, of which the Government is aware at this time.

1

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea.  The parties agree to jointly recommend that the Court that sentence the defendant to a term of imprisonment of 180 months.  The parties understand and agree that the Court is not a party nor bound to follow this recommendation. Further, should the Court not follow this recommendation and sentence the defendant to a higher sentence, the parties agree that will not serve as a basis for the defendant to withdraw the plea of guilty.

3. **ELEMENTS:**

As to Count I, the defendant admits to knowingly violating Title 18, United States Code, Section 2422(b), and admits there is a factual basis for the plea and further fully understands that the elements of the crime of Attempt to Persuade or Coerce a Minor to Engage in Sexual Activity are: (1) the defendant being twenty-one years or older, (2) using the Internet, a facility or means of interstate commerce, (3) knowingly attempted to persuade, induce, entice (4) an individual whom he believed had not attained the age of seventeen years (5) to engage in sexual activity, specifically deviate sexual intercourse, (6) for which a person could be charged with Statutory Rape in the Second Degree in violation of Missouri Revised Statute, Section 566.063.

As to Count II, the defendant admits to knowingly violating Title 18, United States Code, Section 2252A(a)(2)(B), and admits there is a factual basis for the plea and further fully understands that the elements of the crime of Distribution of Child Pornography which he admits to knowingly committing and for which he admits there is a factual basis are: (1) defendant knowingly distributed (2) using any means or facility of interstate or foreign commerce, including by computer, (3) any material that contains images of child pornography, (4) which were visual depictions where the production of such visual depictions involved the use of a minor engaging in

sexually explicit conduct and such visual depictions were of a minor engaging in sexually explicit conduct.

**4.    FACTS:**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

1.    On May 2, 2014, the defendant was convicted of possession of child pornography in violation of Missouri Revised Statute, Section 573.037, in St. Charles County Circuit Court. The defendant served a three year prison sentence on this conviction.

2.    Prior to March 23, 2020, an investigator with the St. Louis County Police Department (SLCPD) assigned to the St. Louis FBI Child Exploitation Task Force created an online profile on the social media application Grindr that indicated that he is a 20-year-old male who is into mutual masturbation and taboo porn (hereinafter "Chad").

3.    On March 23, 2020, and into the early morning hours of March 24, 2020, "Chad" was contacted via direct message by the defendant, who was using the screen name of "Looking 30."

4.    Over the course of several messages that occurred through the Grindr application, the defendant stated that he has a sexual interest in minors as young as eight years. The defendant further stated that he previously had sexual experiences with a 12-year-old minor boy in the bathroom at a pool. The defendant also stated that he was interested in child pornography, and that he has previously received such material from others in online chat messages. "Chad" responded that he had prior sexual experience with a 14-year-old minor male (hereinafter "Tyler").

3

In fact, "Tyler" is another alias of the same undercover officer who was known to the defendant as "Chad."

5.     The defendant then provided his cell phone number, and "Chad" and the defendant began to communicate with each other through text messages.

6.     In text messages dated March 23, 2020, the defendant provided a graphic description of his sexual experience with the minor at the pool. The defendant then asked "Chad" to provide pictures of "Tyler" and to give "Tyler" the defendant's contact information. The defendant then asked whether "Chad" was interested in having a "3some" with "Tyler" and the defendant. In another message, the defendant stated that he was masturbating to child pornography during their text conversation.

7.     In text messages dated March 23 and 24, 2020, "Chad" stated that he was attempting to send child pornography to the defendant via email message. In fact, "Chad" sent a corrupted file to the defendant. During the course of the text messages, the defendant stated that he had attempted to open the message but was unsuccessful.

8.     In text messages dated March 25, 2020, the defendant asked "Chad" if he had spoken to "Tyler." "Chad" told the defendant that "Tyler" "was into it" (referring to a sexual encounter) but that he needed to speak to the defendant directly first to get more comfortable. The defendant told the undercover officer that he would speak directly to "Tyler."

9.     On March 26, 2020, "Tyler" sent a text message to the defendant introducing himself.

10.     Between March 26, 2020, and April 27, 2020, the defendant communicated separately via text messages with both "Chad" and "Tyler." Many of these messages were sexual in nature and were focused on the defendant, "Chad," and "Tyler" meeting up and engaging in sex.

4

11.     On April 28, 2020, the defendant sent a text message to "Chad" advising that he had "just hit the jackpot" and had "1000+ vids and pics" (referring to child pornography). "Chad" asked the defendant to send the child pornography to him via Kik online messages. On the same date, the defendant, using the Kik user name "Reign Matthews" sent "Chad" a message on Kik that contained a Mega Link. The SLCPD investigator (who was posing as both "Chad" and "Tyler") opened and downloaded the link and found it to contain 2,192 videos of child pornography, including but not limited to the following:

   a. "Baby Boy Fucked By 17yo Brother (original).mpg" – a graphic video file that depicts, in part, an adult male inserting his penis into the rectum of an infant and raping the infant;

   b. "IMG_2923.mov" – a graphic video file that depicts, in part, a prepubescent minor male performing oral sex on an adult male and then being penetrated anally by the same adult male;

   c. "2018-09-20 02.55.10.mp4" – a graphic video file that depicts, in part, a nude prepubescent minor female with her vagina being penetrated digitally by an adult male;

   d. "2018-10-19 03.31.48.mp4" – a graphic video file that depicts, in part, a prepubescent minor female with her vagina being penetrated by an adult male penis;

   e. "3_A_N Os.wmv" – a graphic video file that depicts, in part, a toddler aged female with her vagina and mouth being penetrated by an adult male penis.

12.     Between April 29, 2020, and June 7, 2020, the defendant and "Chad" exchanged sporadic text messages, continuing to be sexual in nature and discussion of meeting up in person to engage in sexual activity.

13.     On June 8, 2020, the defendant and "Chad" exchanged text messages wherein the discussed meeting in person on June 10, 2020, at a hotel room.

14.     On June 9, 2020, "Chad" sent a text message to the defendant that "Tyler" was interested in joining the planned sexual encounter, but that "Tyler" wanted to speak with the defendant first. The defendant said that he was ready to speak with "Tyler" right away.

15.     The defendant and "Tyler" then exchange numerous text messages regarding the planned sexual encounter for the following day. In one message, the defendant asked "Tyler" how much time he had to spend at the hotel. In other messages, the defendant told "Tyler" the size of his penis and asked whether "Tyler" preferred to be on the top or on the bottom during sex. In another message, the defendant told "Tyler" that he (the defendant) had sex with a 15-year-old boy several weeks earlier. In other messages, the defendant expressed excitement about having sex with "Tyler."

16.     On June 10, 2020, the defendant and "Chad" exchanged text messages about the planned sexual meeting at the hotel. "Chad" told the defendant to meet at a hotel room in Brentwood, Missouri, within the Eastern District of Missouri. The defendant asked "Chad" whether "Tyler" was with him, and "Chad" responding that he was picking him up now. In another message, the defendant asked "Chad" whether they were going to be naked when he arrived.

17.     At approximately 1:51 pm, the defendant arrived at the hotel room door and was properly arrested.

18.     In summary, the defendant admits to the following:

6

a.  On or about June 10, 2020, the defendant knowingly used the Internet, a facility or means of interstate commerce, in attempt to persuade, induce, entice "Tyler," whom he believed was a minor male aged 14 years, to engage in sexual activity, specifically deviate sexual intercourse, for which a person could be charged with Statutory Rape in the Second Degree in violation of Missouri Revised Statute, Section 566.034.

b.  On or about March 26, 2020, the defendant knowingly distributed images of child pornography using the Internet, Kik and Mega, and the images were visual depictions where the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such visual depictions were of a minor engaging in sexually explicit conduct.

## 5.   STATUTORY PENALTIES:

As to Count I, the defendant fully understands that the maximum possible penalty provided by law for the crime of Attempt to Persuade or Coerce a Minor to Engage in Sexual Activity to which the defendant is pleading guilty is imprisonment of not more than life, a fine of not more than \$250,000, or both such imprisonment and fine.  The Court may also impose a period of supervised release of not more than **life** and not less than five years.  **The defendant fully understands that the crime charged to which a guilty plea is being entered requires a mandatory minimum term of imprisonment of at least 10 years.**

As to Count II, the defendant fully understands that the maximum possible penalty provided by law for the crime of Distribution of Child Pornography to which the defendant is pleading guilty is imprisonment of not more than 40 years and a fine of not more than \$250,000.  The Court may also impose a period of supervised release of not more than **life** years and not less than five years.  **The defendant fully understands that the crimes to which a guilty plea is**

7

**being entered, Distribution of Child Pornography, requires a mandatory minimum term of
imprisonment of at least 15 years.**

The defendant understands that the Court may impose the sentences to run consecutively
(one after the other), or concurrently (at the same time).

Additionally, per 18 U.S.C. § 2259A, defendant fully understands that for offenses
committed on or after December 7, 2018, in addition to other assessments, the Court may impose
an assessment for each count of no more than:

        (1)    $35,000.00 if convicted of any other trafficking in child pornography
                offense as defined by § 2259(c)(3), which includes offenses under:
                i.        18 U.S.C. § 2251(d);
                ii.      18 U.S.C. §§ 2252(a)(1) through (3);
                iii.     18 U.S.C. §§ 2252A(a)(1) through (4);
                iv.     18 U.S.C. § 2252A(g) (in cases in which the series of felony
                       violations exclusively involves violations of §§ 2251(d), 2252,
                       2252A(a)(1) through (5), or 2260(b)); or
                v.      18 U.S.C.2260(b);

## 6.   U.S. SENTENCING GUIDELINES: 2018 MANUAL:

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines
and the actual sentencing range is determined by both the Total Offense Level and the Criminal
History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total
Offense Level provisions that apply.

    **a.   Offense Conduct:**

    **(1)   Count I – Attempt to Persuade or Coerce a Minor to Engage in Sexual
Activity**

        **(a)  Base Offense Level:** The parties agree that the base offense level is
**twenty-eight (28)**, as found in Section 2G1.3(a)(3).

8

(b)  **Chapter 2 Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:

(i)  **Two (2)** levels should be added pursuant to §2G1.3(b)(3) because the offense involved the use of a computer to persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct.

**(2)  Count II – Distribution of Child Pornography**

(a)  **Base Offense Level:** The parties agree that the base offense level is **twenty-two (22)**, as found in Section 2G2.2(a)(2).

(b)  **Chapter 2 Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:

(i)  **Two (2)** levels should be added pursuant to §2G2.2(b)(2), because the "material involved a prepubescent minor or a minor who had not attained the age of 12 years;"

(ii)  **Two (2)** levels should be added pursuant to §2G2.2(b)(3)(F) because the defendant knowing engaged in distribution other than the distribution described in §2G2.2(b)(3)(A)-(E);

(iii)  **Four (4)** levels should be added pursuant to §2G2.2(b)(4), because the "offense involved material that portrays (A) sadistic or masochistic conduct or other depictions of violence;"

(iv)  **Two (2)** levels should be added pursuant to §2G2.2(b)(6), because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or

> distribution of the material, or for accessing with the intent to view
> the material;" and
>
> (v)    **Five (5)** levels should be added pursuant to §2G2.2(b)(7)(D),
> because the offense involved "600 or more images" of child
> pornography.

**b.    Chapter 3 Adjustments:** The parties recommend that the following adjustments,
other than acceptance of responsibility, apply:

(1)    Counts I (Attempt to Persuade or Coerce a Minor to Engage in Sexual
Activity) and Count II (Distribution of Child Pornography) do not group pursuant to Section 3D1.2
because: the counts do not involve the same victim and the same act or transaction; the counts do
not involve the same victim and two or more acts or transactions connected by a common criminal
objective or constituting part of a common scheme or plan; one count does not embody conduct
that is treated as a specific offense characteristic in, or other adjustments to, the guidelines to
another of the counts; and Section 2G1.3, the guideline for Attempt to Persuade or Coerce a Minor
to Engage in Sexual Activity, is not one of the guidelines required to be grouped under 3D1.2(d).

(2)    Pursuant to Section 3D1.4(a) (Determining the Combined Offense level),
Count II (Distribution of Child Pornography) counts as one (1) unit because it has the highest
offense level (Level 37).

(3)    Pursuant to Section 3D1.4(a) (Determining the Combined Offense Level),
Count II (Attempt to Persuade or Coerce a Minor to Engage in Sexual Activity) counts as one-half
(1/2) units because it is from 5 to 8 levels less serious than the Group with the highest offense
level.

(4)    Pursuant to Section 3D 1.4 (Determining the Combined Offense Level),

10

**one (1)** level should be added because the total number of units is one and one-half (1½). This places the offense level, after application of Section 3Dl.4, at **thirty-eight (38)**.

    **d.**    **Other Chapter 3 Adjustments:**

    **(1) Acceptance of Responsibility:** The parties agree that **three (3)** levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

    **(2)**    **Other Adjustments:** The parties agree that the following additional adjustments apply: none.

    **c.**    **Estimated Total Offense Level:** The parties estimate that the Total Offense Level is **thirty-five (35)**.

    **d.**    **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

    **e.**    **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have

11

foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

7. **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

    **a.** **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

    **(1)** **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

    **(2)** **Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

    **b.** **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

12

      **c.**     **Right to Records:**  The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.**    **OTHER:**

      **a.**     **Disclosures Required by the United States Probation Office:**  The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

      **b.**     **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**  Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

      **c.**     **Supervised Release:**  Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. Some of these special conditions may include that defendant not possess a computer or internet access, that defendant not have contact with minors without the authorization of the Probation Officer, that defendant participate in sexual offender counseling and that defendant not maintain a post office box. In addition, as a condition of supervised release, defendant shall initially register with the state sex offender registration in Missouri, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws.

These and any other special conditions imposed by the Court will be restrictions with which defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

**d.    Mandatory Special Assessment:**    Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $200, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, and before September 30, 2021, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under – Chapter 117 (relating to transportation for illegal sexual activity and related crimes, including, but not limited to, 18 U.S.C. § 2422(b) (enticement of a child) and 18 U.S.C. § 2423 (transportation of minors)); or and 18 U.S.C. § 2252A (transportation, distribution, receipt, possession, or access with the intent to view child pornography)).

The assessment imposed under 18 U.S.C. § 3014 is in addition to the mandatory special assessment imposed under 18 U.S.C. § 3013.

**e.    Possibility of Detention:**    The defendant shall be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

14

**f.** **Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Sections 3663A and 2259, an order of restitution is mandatory for all crimes listed in Sections 3663A(c) and 2259. Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Sections 3663A(b) and 2259 and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment without regard to the count or counts to which the defendant has agreed to plead guilty. Under Section 2259(c)(3), the minimum amount of restitution per victim for each count if conviction is $3,000 for crimes occurring on and after December 7, 2018.

**g.** **Forfeiture:** The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. Defendant specifically agrees to the forfeiture of the following: an Apple Iphone cellular telephone. The defendant agrees the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object to any administrative, civil or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the Government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional and statutory challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

15

The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

## 9.    ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

16

Defendant understands that by pleading guilty, defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply for life. The defendant understands that defendant must keep said registrations current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person said sex offender registration information. Defendant understands that defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Missouri following release from prison, defendant will be subject to the registration requirements of Missouri state law. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

If the defendant is not a U.S. citizen, the guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

17

**10.     VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

**11.     CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crimes, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

**12.     NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except

18

supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12.   NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

10/15/21
Date

_____
KYLE T. BATEMAN
Assistant United States Attorney

10-14-2021
Date

_____
NICHOLAS MATTHEW RAY
Defendant

10/14/21
Date

_____
NANCI MCCARTHY
Attorney for Defendant

10/14/2021
Date

_____
ERIC SELIG
Attorney for Defendant